

IN THE UNITED STATES DISTRICT COURT
IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA

JENNIFER LEIGH MILLER,

    Plaintiff,

Case No.: <u>06-21770</u>
JUDGE:   GOLD/McAliley

v.

ANHEUSER-BUSCH, INCORPORATED
a Missouri corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PRELIMINARY AND SUPPLEMENTARY EXPERT REPORT AND TESTIMONY OF JEFF SEDLICK

    Plaintiff, JENNIFER LEIGH MILLER, hereby moves to exclude in its entirety the Preliminary Expert Report (DE 173-174) filed by the Defendant, Anheuser-Busch, Incorporated ("A-B") on August 8, 2008, the Supplementary Expert Report filed by A-B on July 7, 2010 (DE 244-246) and the testimony of Jeff Sedlik as inadmissible under Federal Rule of Evidence 702.

### INTRODUCTION

    This motion seeks to exclude a legal brief containing a "hodge-podge" of opinions that has been styled as an "expert report". The admission of the Sedlik report should not be admissible as evidence pursuant to Fed. R. Civ. P. 37 (c) (1). The Sedlik report also violates Rule 702 of the Federal Rules of Evidence, in that it does not help the Court determine a fact in issue.

*Jennifer Leigh Miller v. Anheuser-Busch, Incorporated*
*United States District Court, Southern District of Florida, Case No. 06-21770-CIV-GOLD/McAliley*
*Plaintiff's Motion In Limine to Exclude Expert Report and Testimony of Jeff Sedlik*

## ARGUMENT

### I. MR. SEDLIK'S TESTIMONY IS NOT ALLOWED TO BE USED AT TRIAL PURSUANT TO FED. R. CIV. PR. 37 (c) (1).

Rule 37 (c) (1) governs what occurs when a party fails to provide information or identify a witness as required by Rule 26 (a) or 26 (e). The party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In this case, A-B's failure to comply with this rule is set forth below, and is black and white on the record:

On April 30, 2008, at the discovery hearing conducted in front of Magistrate Judge McAliley, the Judge questions the defendant's response to the Plaintiff's Request for Production of Documents #6, which pertains to the disclosure of an expert witness. The verbatim conversation, on the record, goes like this:

> THE COURT (speaking to A-B): In number 6 you ask for all documents relating to the use of any expert witness or potential expert retained by the Defendant. The defendant says, "Well, we don't have an expert." Am I right? Are you not intending to use an expert?
> MR. MARCUS: We haven't designated an expert as of yet, Your Honor.
> THE COURT: Okay. So under the rules, if you do, then you will have certain obligations of disclosure at that time.
> MR. MARCUS: Of course.

This is an untruthful statement that A-B told the Court, while under Oath, that they had **not** designated an expert. When, in fact, Jeff Sedlik, had already been *retained and paid* by Anheuser-Busch for an entire four months prior to this discovery hearing. This proof can be seen in Plaintiff's Attachment "A" to this Motion, which shows that Jeff Sedlik was retained by A-B on January 25, 2008.

*Jennifer Leigh Miller v. Anheuser-Busch, Incorporated*
*United States District Court, Southern District of Florida, Case No. 06-21770-CIV-GOLD/McAliley*
*Plaintiff's Motion In Limine to Exclude Expert Report and Testimony of Jeff Sedlik*

The Plaintiff and this Court had no way of knowing this since the cover letter showing the date that A-B had retained Sedlik, was not produced to the Plaintiff until the day of the discovery deadline cutoff. (See Attachment A).

As the hearing continues, Mr. Marcus misleads the Magistrate again and denies the fact that Jeff Sedlik was **not** introduced at the time of the Plaintiff's second (continued) deposition. This verbatim conversation goes as follows:

> THE COURT (to Miller): You asked Mr. Marcus to identify him?
>
> MS. MILLER: I asked Mr. Marcus. He wouldn't disclose it, so I went home, I got on the Internet. I typed in this person's name (Jeff Sedlik). That is exactly who he was. He is an expert witness. Now, if Steve is not planning to use him, but Steve said he was a consultant.
>
> THE COURT: Right.
>
> MS. MILLER: And I said, "For who?" He said, "I can't tell you that. It is not important. You don't need to know that", but I feel like, according to the rules, I do need to know that, and that person (Sedlik) should have been identified on the record.
>
> THE COURT: I think you are right. Tell me, Mr. Marcus, if this is factually accurate. Did she ask you for the name of the man sitting in the room and you refused to give it to her?
>
> MR. MARCUS: Yes. That is factually incorrect, Judge. That is not what occurred. At the beginning, at the commencement of the deposition, Mr. Sedlik was identified as a consultant.
>
> THE COURT: Did he give his name?
>
> MR. MARCUS: He gave his name to the court reporter.
>
> THE COURT: And was Ms. Miller sitting there?
>
> MR. MARCUS: Yes.
>
> THE COURT: Okay. Well, I guess it would be in the record.

3

*Jennifer Leigh Miller v. Anheuser-Busch, Incorporated*
*United States District Court, Southern District of Florida, Case No. 06-21770-CIV-GOLD/McAliley*
*Plaintiff's Motion In Limine to Exclude Expert Report and Testimony of Jeff Sedlik*

The Plaintiff brings to the Court's attention that Mr. Marcus was not truthful again, as Jeff Sedlik's introduction was not made on the record while the Plaintiff was there. The record of the Plaintiff's continued deposition reflects that Sedlik was not introduced on the record while Miller was sitting there (DE 82). This was clearly a pre-meditated strategy set up by the defendant to try to sneak Sedlik into the Plaintiff's second deposition, with the intent of hiding Sedlik's identity as a retained expert witness. The Plaintiff also points out during the deposition, that the undisclosed man ("Sedlik") was passing written questions under the table for the attorney, Mr. Marcus, to ask her. (DE 82-2: Pg. 11-12)

The Plaintiff reminds the Court that they granted the Defendant permission to continue the Plaintiff's deposition on March 25, 2008, but with a strict Order (DE 74) that A-B was given a time limit of four hours to depose the Plaintiff in this continued deposition.

Not only did A-B's attorney refuse to disclose to the Plaintiff who Sedlik was, the attorney was being abusive and combative with the Plaintiff during this deposition. The Defendant was taking advantage of the Plaintiff by violating the Court's Order and trying to keep her at the deposition longer than four hours. (See DE 82-2/ Page 101-102).

Moreover, A-B's failure to provide information or identify a witness, Mr. Jeff Sedlik, is governed by Fed. R. Civ. P. 37 (c)(1). Due to the clear facts that A-B violated this rule, the Sedlik report, Sedlik's potential testimony, and information contained in the Plaintiff's second deposition, are not allowed to be used on a motion, at a hearing, or at a trial.

## II. MR. SEDLIK'S TESTIMONY IS NEITHER RELEVANT NOR RELIABLE UNDER RULE 702 AND MUST BE EXCLUDED.

Mr. Sedlik's testimony has no conceivable relevance to any claim or defense in this case and must be excluded under Federal Rule of Evidence 403. Moreover, Mr. Sedlik is not qualified to offer such opinions in the first instance. Mr. Sedlik is

4

Case 1:06-cv-21770-ASG   Document 286   Entered on FLSD Docket 02/28/2011   Page 5 of 8

*Jennifer Leigh Miller v. Anheuser-Busch, Incorporated*
*United States District Court, Southern District of Florida, Case No. 06-21770-CIV-GOLD/McAliley*
*Plaintiff's Motion In Limine to Exclude Expert Report and Testimony of Jeff Sedlik*

a professor of photography, specializing in forensic issues related to the subject of "photography". By his own admission, he has no real working knowledge of contracts existing between models and their agencies. "Photography" has nothing to do with this case, therefore Mr. Sedlik's report should be excluded. Rule 702 of the Federal Rules of Evidence provides for the admissibility of expert testimony in the federal courts, setting the following parameters:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Sedlik admits that he *occasionally* has testified in litigation involving "photography". However, this case is not about photography, nor does it require an expert witness on issues related to photography. Alan Kaplan, owner of Alan Kaplan Studios and the photographer hired by A-B for both photo shoots, is perfectly capable of testifying on any issues about photography and licensing, when subpoenaed for trial. A-B should not be permitted to offer Sedlik's report, as Sedlik is essentially a "channeler" of second-hand industry information that should come first-hand from upaid fact witnesses.

The Plaintiff agrees with Sedlik's admission, that photographers are hired to create the photos. The photographer (Kaplan) does not need a model release to license an image(s) to their Client (A-B), because the photographer is not the one who is putting the image into "use". It is the "publisher", Anheuser-Busch, who puts the image into "use", not the photographer. It is how the images are "used" in media that is revelant in this case. Sedlik's expertise is limited to "photography", and by his own admission has occasionally been asked to testify only on matters

Case 1:06-cv-21770-ASG   Document 286   Entered on FLSD Docket 02/28/2011   Page 6 of 8

*Jennifer Leigh Miller v. Anheuser-Busch, Incorporated*
*United States District Court, Southern District of Florida, Case No. 06-21770-CIV-GOLD/McAliley*
*Plaintiff's Motion In Limine to Exclude Expert Report and Testimony of Jeff Sedlik*

related to "photography." This case has nothing to do with creating photos, but involves "use" in media, which rests with the responsibility of the *publisher* of the images, A-B.

Sedlik admits that he does not know details of contracts existing between a model and their respective agency. Because he does not know this information, he has undermined the importance of the model release required by Wilhelmina (the modeling agency), and, in his opinion, believes the modeling agency release is merely "boilerplate" terminology.

Sedlik has no expertise or background to opine in a commercial misappropriation matter with limited knowledge only specializing in an area related to "photography", when this case is clearly beyond the scope of photography related issues. Rule 702 requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility. Sedlik makes no mention in the report about the photographer's (Alan Kaplan) agreement in the report. This is an important piece of the pie, since the photographer is the one who licenses the images. Sedlik's report is not reliable for this reason when formulating his opinions. The court, in its role as gatekeeper, must exclude expert testimony that is not reliable and not specialized. Where the expert's opinion is not tied to the facts of the case, it must be excluded. Similarly, expert testimony which ignores the facts of the case must be excluded.

## CONCLUSION

Sedlik's opinions, as a professor of photography and testifying forensic expert witness on issues related to photography, does not mean he is qualified to express expert opinions as to other fields. The area of commercial misappropriation of use of one's likeness and A-B's trademarks that are connected with the misappropriation of the Plaintiff's likeness is "out of his league". More importantly, his thoughts on the matter does not relate at all to the unauthorized use of "publishing" the Plaintiff's images in connection with Budweiser's trademarks, since

Case 1:06-cv-21770-ASG   Document 286   Entered on FLSD Docket 02/28/2011   Page 7 of 8

*Jennifer Leigh Miller v. Anheuser-Busch, Incorporated*
United States District Court, Southern District of Florida, Case No. 06-21770-CIV-GOLD/McAliley
*Plaintiff's Motion In Limine to Exclude Expert Report and Testimony of Jeff Sedlik*

photographers are not the ones who put the campaigns into media "use". It is the *publisher* who puts the image into "use", which in this case is Anheuser-Busch, and not the photographer.

It is "beyond debate" that a testifying expert "should have achieved a meaningful threshold of expertise "before being allowed to offer opinions to a jury. Prado Alvarez, 405 F.3d at 40.

For all of the above stated reasons, the Plaintiff respectfully requests that this Court exclude the Sedlik report, and the testimony and opinions of Jeff Sedlik from the trial of this matter.

## CERTIFICATE OF SERVICE

Plaintiff, JENNIFER LEIGH MILLER, hereby certifies that on February __25__, 2011, the foregoing document was sent via US Mail to FOWLER WHITE BOGGS P.A., ATT: STEVEN MARCUS, 1200 East Las Olas Blvd., Suite 400, Fort Lauderdale, FL 33301, and via e-mail to terrence.russell@fowlerwhite.com and steven.marcus@fowlerwhite.com.

Respectfully submitted,

Jennifer Leigh Miller
P.O. Box 6172
West Palm Beach, FL  33405-6172
Tel:  (561) 779-7142
E-mail:  triple11@bellsouth.net

7

# Attachment "A"



208 EAST BROWARD BOULEVARD
SUITE 1500
FORT LAUDERDALE, FLORIDA 33301

POST OFFICE BOX 1900
FORT LAUDERDALE, FLORIDA 33302

(954) 761-2957
FAX: (954) 333-4157
STEVEN.MARCUS@RUDEN.COM

January 25, 2008

**VIA FEDERAL EXPRESS**

Professor Jeff Sedlik

Re:   *Jennifer Leigh Miller v. Anheuser-Busch, Incorporated*
      Southern District of Florida, Miami Division, Case No. 06-021770-ASG

Dear Professor Sedlik:

We are pleased to provide you with the documentation you'll need to prepare a written expert report for Anheuser-Busch, Incorporated ("A-B") in the above-referenced case. Also enclosed is our check in the amount of ███████ which constitutes your retainer and expedited service fee. We have also enclosed the executed Consulting and Expert Witness Services Agreement. Finally, we have enclosed a Confidentiality Agreement for your execution as well. Please execute both documents and return originals to us as soon as possible.

An index of the documents is provided for your reference. The documents are contained in file folders by the headings on the index. <u>The documents which A-B has not produced to Plaintiff have been labeled "Confidential" since they are not part of the record in the case, however, all documents contained herein should be considered</u> confidential in the same manner.

If you have any questions regarding the enclosed material, or if you need any additional information, please feel free to contact us. We appreciate your assistance in this case and look forward to working with you.

Very truly yours,

RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.

Steven Marcus

SM/mbl
Enclosures

FTL:2530937:1

RUDEN, McCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.

CARACAS • FT. LAUDERDALE • MIAMI • NAPLES • ORLANDO • PORT ST. LUCIE • SARASOTA • ST. PETERSBURG • TALLAHASSEE • TAMPA • WEST PALM BEACH

EXP 0000