UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-21770-CIV-GOLD

JENNIFER LEIGH MILLER,

    Plaintiff,

v.

ANHEUSER BUSCH, INC.

    Defendant.

_____/

<b><u>OMNIBUS ORDER FOLLOWING PRETRIAL CONFERENCE</u></b>

**I.   Introduction**

This matter is before the Court following the Pretrial Conference held on April 1, 2011 and upon various pretrial motions filed by the parties. Defendant Anheuser Busch, Inc. ("Defendant'" or "A-B") has filed three motions *in limine* to exclude argument or evidence purporting to establish that the 2000 Release **[ECF No. 283]** and 2001 Release **[ECF No. 282]** expired, and to exclude Plaintiff Jennifer Leigh Miller ("Plaintiff") from proffering any opinion testimony as to the merits of the case or damages **[ECF No. 284]**. Plaintiff filed a motion *in limine* to exclude preliminary and supplementary expert report and testimony of Defendant's expert, Jeff Sedlick. **[ECF No. 286]**. Defendant filed a Motion to Strike Plaintiff's Pretrial Stipulation. **[ECF No. 292]**. Defendant has also filed a Rule 12(c) Motion for Judgment on the Pleadings as to Punitive Damages. **[ECF No. 299]**. Finally, Plaintiff objected to a prior order issued in this case by the Honorable Chris M. McAliley denying Plaintiff's Motion to Compel Defendant for Further Discovery **[ECF No. 277]**.

Having reviewed the Motions, Objection, relevant submissions, applicable law, record, the parties' arguments at the Pretrial Conference, and being otherwise duly advised, I DENY the Motions and OVERRULE Plaintiff's Objection for the reasons set forth at the Pretrial Conference and herein.

## II.     Defendant's Motion to Strike Plaintiff's Pretrial Stipulation [ECF No. 292]

In contradiction of my Order Setting Pretrial and Trial Dates which requires that a "joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1.E.," **[ECF No. 28, p. 6]** the parties each filed unilateral pretrial stipulations.  See **[ECF Nos. 285, 287]**. Defendant moves to strike Plaintiff's Pretrial Stipulation because it argues that Plaintiff violated Local Rule 16.1 by failing to confer with A-B before unilaterally filing her Pretrial Stipulation and because Plaintiff's Pretrial Stipulation contains misrepresentations and irrelevant information. **[ECF No. 292, p. 1]**.

At the Pretrial Conference, counsel and Plaintiff, proceeding *pro se*, were provided with a Statement of Undisputed Facts to be Read to the Jury. The purpose of the "Agreed Statement of Facts" that the parties were to include in their Joint Pretrial Statement is to minimize exhibits or testimony at trial that is otherwise necessary to establish these facts. The facts within the Statement of Undisputed Facts to be Read to the Jury consist of background facts that are not materially in dispute, which were noted as such in my prior order granting Defendant's Motion for Summary Judgment. *See* **[ECF No. 213]**. Since the Statement of Undisputed Facts provided by the Court—and not the facts provided within each party's separate Pretrial Stipulation—will be read to the jury, Defendant's Motion to Strike Plaintiff's Pretrial Stipulation **[ECF No. 292]** is

2

DENIED.[1]  Notwithstanding the "Agreed Statement of Facts," the parties will be permitted to elicit witness testimony concerning undisputed background information for purposes of establishing a foundation or context for additional testimony.

### III. Plaintiff's Motion *in Limine* to Exclude Preliminary and Supplementary Expert Report and Testimony of Jeff Sedlick [ECF No. 286]

Plaintiff seeks to exclude the Preliminary Expert Report **[ECF No. 174]** (filed August 8, 2008) and Supplementary Expert Report **[ECF No. 244]** (filed July 7, 2010) of Defendant's expert witness under Federal Rule of Evidence 702. Plaintiff argues that Defendant did not properly or timely disclose its expert, Jeff Sedlick. Plaintiff points to a discovery hearing before Judge McAliley on April 30, 2008 wherein counsel for Defendant indicated it had not yet designated an expert. Plaintiff claims this is untrue because the defense expert had already been retained (as of January 25, 2008) and paid. Plaintiff disputes whether the defense expert, who was identified as a consultant at Plaintiff's deposition, was disclosed on the record at the time of Plaintiff's deposition.

As a preliminary matter, from the Pretrial Conference, it is clear that Plaintiff intends to rely upon Defendant's expert witness' reports. *See* **[ECF No. 303, 10:10-15, 18:23-25, 23:7-17]**. Indeed, I indicated at the Pretrial Conference that Plaintiff has a right to question Defendant's expert witness regarding whether he found more events which occurred subsequent to January 1, 2003 for which Plaintiff is entitled to compensation. **[ECF No. 303, 25:20-23]**.[2] As a further matter, my review of the record

---

[1] To the extent that the Pretrial Stipulations filed by the parties also include a list of exhibits and objections thereto, I note that Defendant has filed Objections to Plaintiff's Corrected List of Trial Exhibits. *See* **[ECF No. 312]**.

[2] To be clear, I stated at the Pretrial Conference that Plaintiff may argue to the jury that there are more events which occurred subsequent to January 1, 2003 for which Plaintiff is entitled to compensation <u>provided that</u> through cross-examination of Defendant's

3

indicates that Plaintiff fails to comprehend the distinction between retention and disclosure of expert witnesses. As Defendant points out, at the hearing referenced in Plaintiff's motion *in limine*, Judge McAliley explained to Plaintiff the difference between retaining an individual to possibly be an expert, and formally disclosing an individual as an expert. Regardless of Plaintiff's misinterpretation, it is clear that as represented during the Pretrial Conference, Plaintiff intends to rely upon Defendant's expert's witness reports even though Plaintiff moved to exclude the reports. Accordingly, Plaintiff's Motion *in Limine* to Exclude Preliminary and Supplementary Expert Report and Testimony of Jeff Sedlick **[ECF No. 286]** is DENIED.

IV.   **Defendant's Motions in Limine to Exclude Any Argument or Evidence Purporting to Establish that the 2000 and 2001 Releases Expired [ECF Nos. 282, 283]**

Following the Eleventh Circuit's remand, Defendant sought leave to file a Second Motion for Summary Judgment, which I denied because Defendant previously filed a Motion for Summary Judgment and this matter was set for trial pursuant to the Eleventh Circuit's opinion affirming in part, reversing, and remanding in part.[3] *See* **[ECF Nos. 273, 176]**. Defendant's motions *in limine* contain the arguments it sought to file in its

---

expert witness, Plaintiff is able to establish that such events existed. **[ECF No. 303, 25:14]**.

[3] In seeking leave to file a Second Motion for Summary Judgment, A-B noted that there were "only three possible ways that A-B could have been divested of the authorization to use Plaintiff's image that was granted in these three releases." **[ECF No. 273, p. 3]**. These three ways, according to A-B, are:

(1)   either or both the 2000 Release and the 2001 Release (which are both nearly identical) expired pursuant to their own terms, one year after they were executed;

(2)   either or both the 2000 Release and the 2001 Release expired, pursuant to their own terms, one year from the date of first usage thereunder; or

(3)   if execution of the 2002 Release extinguished the 2000 Release.

4

Motion for Summary Judgment in that Defendant contends that all of Defendant's use of the images – even during and after January 2003 – was authorized by the 2001 Release, because the release never expired. In its proposed Motion for Summary Judgment, Defendant argued that following the Eleventh Circuit opinion, the sole issue is whether Defendant retained the right to use Plaintiff's image during and after January 2003 pursuant to the 2000 Release and 2001 Release even though the 2002 Release expired in January 2003. Defendant claims neither the 2000 Release nor the 2001 Release have an expiration date or a durational limit, thus Defendant had the right to use Plaintiff's image at all relevant times.

In addition to arguing that any finding that the expiration of the 2000 and 2001 Releases would violate the law of the case doctrine based on the Eleventh Circuit's determination of certain issues in its opinion, Defendant argues that the argument that the 2001 Release expired is, *inter alia*, unsupported by record evidence and "because there is absolutely no basis to argue for any other expiration point[.]" See **[ECF No. 282, p. 5]**; *see also* **[ECF No. 283, p. 6]**.

As the Eleventh Circuit set forth in its opinion following Plaintiff's appeal, "at least one of [Plaintiff's] photographs was used by A-B beyond the beginning of January 2003." **[ECF No. 233, p. 7]**. Notably, the Eleventh Circuit determined that

> Regardless of any prior consent Miller granted A-B, therefore, the evidence in the record indicates that A-B did not have Miller's authorization to use her likeness from and after January 2003, as required by Fla. Stat. § 520.08. However, A-B has suggested that there was no time limitation on the use of any of the photographs pursuant to the 2000 and 2001 releases, and that the one-year periods referenced in those documents were merely payment schedules for the first year following the shoots. [fn: **This perpetuity argument appears to be contradicted by the 2002 Release, which concerns a photograph that also was previously subject to the 2000 Release.**]

5

*Id.* (emphasis added). The Eleventh Circuit concluded that "[a]s a result of this ruling, Miller only has a possibly actionable claim under Fla. Stat. § 540.08 for the use by A-B of Miller's likeness after January 2003." *Id.* at 9-10.

As set forth during the Pretrial Conference, this case is being tried following the Eleventh Circuit's specific mandate indicating the issues to be determined at trial. **[ECF No. 233]**. I specifically stated at the Pretrial Conference that "[t]he Eleventh Circuit has already determined by law of the case that situation [as to consent post January 1, 2003]." **[ECF No. 303, 15:6-7]**. I reserved ruling on the legal issue raised by Defendant initially in its proposed Second Motion for Summary Judgment, and again at the Pretrial Conference, regarding the effect of the 2000 and 2001 Releases on Plaintiff's potential post-January 1, 2003 damages. *Id.* at pp. 31-33.

The Eleventh Circuit noted—albeit in a footnote—that Defendant's "perpetuity argument" regarding the lack of time limitations on use of photographs pursuant to the 2000 and 2001 Releases may be contradicted. I also note that I did not specifically address the issue of whether any release expired or the length of its duration in my prior order granting Defendant's Motion for Summary Judgment, which the Eleventh Circuit affirmed in part. *See generally* **[ECF No. 213]**. Trial of this matter is being conducted following and pursuant to the Eleventh Circuit's opinion. Based on the Eleventh Circuit's opinion, excluding evidence regarding an expiration argument is improper at this juncture because it was not expressly addressed in my prior order which was on review, and especially in light of the Eleventh Circuit's footnote regarding Defendant's perpetuity argument. In seeking to exclude this evidence, Defendant essentially reiterates its arguments in its proposed Second Motion for Summary Judgment. I previously denied

leave to file a Second Motion for Summary Judgment due to the fact that a previous Motion for Summary Judgment had already been filed and this case was set for trial. Accordingly, Defendant's Motions in Limine to Exclude Any Argument or Evidence Purporting to Establish that the 2000 and 2001 Releases Expired **[ECF Nos. 282, 283]** are DENIED WITHOUT PREJUDICE.  In that I conclude that the language of the releases at issue create ambiguity regarding termination, I shall allow parol evidence to ascertain the intent of the parties.  *Lab. Corp. v. McKown*, 829 So. 2d 311, 312 (Fla. 5th DCA 2002).

V.     **Defendant's Motion in Limine to Exclude Plaintiff From Proffering Any Opinion Testimony as to the Merits of the Case or as to Damages [ECF No. 284]**

Pursuant to Federal Rules of Evidence 701 and 702, Defendant seeks to prohibit Plaintiff from offering any opinion regarding whether:  (1) Defendant used Plaintiff's image without her permission during or after January 2003; (2) Defendant used the image(s) intentionally and with direct knowledge that Plaintiff did not authorize such use; and (3) damages (royalties).

Defendant correctly notes that Plaintiff did not disclose any experts at the time of the expert disclosure cut-off (August 8, 2008).  **[ECF No. 131, p. 2]**.  Further, Plaintiff has not designated any experts to testify in this matter, as evidenced by her Pretrial Stipulation or Witness List.  Plaintiff has also designated herself as a witness.  **[ECF No. 319]**.  Defendant's motion *in limine* essentially seeks a blanket preclusion on Plaintiff's ability to offer any testimony to establish her case.  To the extent the matters that Defendant seeks to prohibit (that Defendant used Plaintiff's image without her permission, that Defendant used the image(s) intentionally and with knowledge that

Plaintiff had not consented, and any damages stemming therefrom) can be elicited through testimony through on direct and cross-examination, Plaintiff shall be permitted to do so as long as the testimony conforms with the Federal Rules of Evidence, specifically Rules 701 and 702. Similarly, Defendant shall have the opportunity to raise objections as appropriate, as well as cross-examine and question Plaintiff's witnesses, including Plaintiff, regarding the bases of their opinions. Accordingly, Defendant's Motion in Limine to Exclude Plaintiff From Proffering Any Opinion Testimony as to the Merits of the Case or as to Damages **[ECF No. 284]** is DENIED.

## VI.     Plaintiff's Objection to Judge McAliley's Order [ECF No. 281]

On February 23, 2011, Plaintiff filed an Objection to Judge McAliley's order. **[ECF No. 281]**. Plaintiff filed a Motion to Compel Defendant for Further Discovery **[ECF No. 277]** which Judge McAliley denied because discovery was closed in this case. *See* **[ECF No. 279]**. Upon review of the transcript in that matter, it is clear that Judge McAliley explained that the case is before this Court upon remand, the time for discovery closed long before this case was appealed to the Court of Appeals, and the Eleventh Circuit remanded this case for trial. *Id*. Judge McAliley concluded that "Plaintiff has not presented a compelling reason for the extraordinary step of reopening discovery at this very late point in this lawsuit. Plaintiff possibly may pursue the information she seeks through other means, such as trial subpoenas, or Freedom of Information Act requests."

Plaintiff claims she is bringing new evidence because Defendant withheld disclosure of Frank Hellwig's role in this case. Mr. Hellwig oversees intellectual property for Defendant, including registering Defendant's trademarks. Plaintiff argues that

Defendant did not disclose Hellwig's identity or role until almost 2.5 years after discovery closed in violation of Rule 26. Plaintiff also claims that Defendant violated Rule 37 by failing to produce documents in response to Plaintiff's request regarding information relating to unauthorized usages of Plaintiff's likeness in Defendant's advertising campaigns. Plaintiff seeks the consent forms required by the U.S. Patent & Trademark Office. Although Plaintiff indicates she subpoenaed third parties to compel production of the documents, she does not provide an explanation of the status of these production requests.

As set forth during the Pretrial Conference, no further discovery shall be permitted in this matter. See **[ECF No. 24:21-3]** ("The Court: Here's what I am going to do: I'm not going to reopen discovery in this case. I believe that if you, Ms. Miller, wanted to have clarification of the answers to interrogatories, you had ample time to do so through deposition or whatever of Jackie Roberts or whoever you felt would be appropriate at the time before the time for discovery closed and the time for consideration of the summary judgment."). Judge McAliley correctly concluded that there are no sufficient grounds for reopening discovery. Further, the fact that Plaintiff has already subpoenaed third parties for the documents indicates that she is aware that they are available through other means. Accordingly, Plaintiff's Objection to Judge McAliley's order **[ECF No. 281]** is OVERRULED.

### VII. Defendant's Motion for Judgment on the Pleadings Regarding Punitive Damages [ECF No. 299]

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. *316, Inc. v. Md. Cas. Co.*, 625 F. Supp. 2d 1179, 1181 (N.D. Fla. 2008). To obtain a judgment on the

9

pleadings, the moving party must clearly establish that no material fact remains unresolved and that it is entitled to judgment as a matter of law. *See Andrx Pharms., Inc., v. Elan Corp., PLC*, 421 F.3d 1227, 1232-33 (11th Cir. 2005) ("Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noted facts."). A motion for judgment on the pleadings may be granted "only if it appears beyond doubt that the nonmovant can prove no set of facts in support of his claim, which would entitle him to relief, or if material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings." *Massih v. Jim Moran & Assocs.*, 542 F. Supp. 2d 1324, 1328 (M.D. Ga. 2008) (citing *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

A court in this District recently denied a motion *in limine* to "Preclude Plaintiff From Asserting A Claim for Punitive Damages at Trial or, in the Alternative, to Strike Plaintiff's Claims for Punitive Damages." *Soliday v. 7-Eleven, Inc.*, 2011 U.S. Dist. LEXIS 42874 (M.D. Fla. Apr. 20, 2011). In *Soliday*, the defendant sought to strike claim for punitive damages because it claimed: (1) the plaintiff failed to properly plead a claim for punitive damages under Fed. R. Civ. P. 8(a)(3); (2) the plaintiff could not demonstrate that the defendant was vicariously liable; and (3) punitive damages were improper because the defendant "undisputedly engaged in a good faith effort to comply with Federal and State anti-discrimination laws." *Id.* at *1. The court denied the defendant's motion, stating: "[i[f defendant wanted to raise a pleading deficiency as to punitive damages, it should have done so in a motion to dismiss or perhaps a timely motion to strike under Fed. R. Civ. P. 12(f)(2)." *Id.* at *2. The court also noted that it

had already determined that the plaintiff sufficiently pled punitive damages. *Id.* Further, the court raised the issue of timeliness and procedural requirements necessary to strike punitive damages. *Id.* ("Similarly, if punitive damages are not available based upon the undisputed evidence and if there is no evidence supporting vicarious liability, as defendant asserts, these issues should have been raised in a timely motion for summary judgment, not in a motion in limine."); *see also Riggins v. Walter*, 279 F.3d 422, 427 (7th Cir. 1995) (denying Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings as untimely where motion was filed over twenty-six months after the close of pleadings, twenty months after the dispositive motions deadline and two weeks after the final pretrial order).

In the instant case, Defendant filed its Rule 12(c) motion on April 14, 2010, following the Pretrial Conference in this matter.[4] As Defendant recognizes, the Eleventh Circuit has remanded the case for trial of a specific and limited issue which I addressed in my prior order granting Defendant's Motion for Summary Judgment. As I indicated in my order denying Defendant's Motion for Leave to File Defendant's Second Motion for Final Summary Judgment, "[d]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *School Bd. of Collier County, Florida v. K.C.*, 285 F.3d 977, 982 (11th Cir. 2002) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). Further, the dispositive deadline motion has long expired in this case since the complaint was originally filed in 2006. On October 12, 2010, I issued an order scheduling pretrial conference, trial dates, and deadlines, setting trial

---

[4] Defendant's Motion for Judgment on the Pleadings did not become ripe for adjudication until only one week before trial, when Defendant filed its Reply in support of its Motion on April 25, 2011. **[ECF No. 318]**.

11

for May 2, 2011. **[ECF No. 272]**. Accordingly, Defendant was well aware of the trial date in this matter.

Further, I determine that the appropriate relief at this juncture would be to permit the issue of punitive damages to be presented before the jury in a bifurcated trial, allowing for Defendant to move for appropriate relief following the close of such evidence or trial. *See Yule v. Jones*, 2010 U.S. Dist. LEXIS 24715 (N.D. Ga. Mar. 17, 2010) (denying defendant's motion to strike or for judgment on the pleadings on plaintiff's claim for punitive damages). In *Yule*, the court concluded that:

> Based upon the record before the Court and in light of the pendency of trial, the Court denies the Motion without prejudice thus allowing Plaintiffs to present to the jury whether [the plaintiff] is entitled to punitive damages based on Defendants' conduct. ... Upon the conclusion of trial, Defendants are invited to raise this issue again for the Court's further consideration after the development of the trial record.

*Id.* at *8.

My denial of Defendant's motion at this stage also considers Defendant's argument that the record evidence precludes punitive damages. *See* **[ECF No. 299, pp. 11-12]**. Defendant points to Plaintiff's trial exhibits to argue that there is no evidence to justify that Defendant knew that its rights to use Plaintiff's images terminated. *Id.* at 12. To the extent that Defendant makes this argument prior to the presentation of such evidence to the trier of fact at trial, it is premature and is more suitable for determination following the actual introduction of evidence—or lack thereof—during trial.

Accordingly, Defendant's Motion for Judgment on the Pleadings Regarding Punitive Damages **[ECF No. 299]** is DENIED WITHOUT PREJUDICE. Trial shall be

bifurcated into two phases and the jury shall be instructed pursuant to Instruction 503.1(b)(2) based on Plaintiff's direct corporate liability theory.[5]

**VIII. Conclusion**

Based on the foregoing and upon review of the Motions, oppositions, the record, and all applicable law, it is hereby

ORDERED AND ADJUDGED:

1. Defendant's Motion in Limine to Exclude Any Argument or Evidence Purporting to Establish that the 2001 Release Expired **[ECF No. 282]** is DENIED.

2. Defendant's Motion in Limine to Exclude Any Argument or Evidence Purporting to Establish that the 2000 Release Expired **[ECF No. 283]** is DENIED.

3. Defendant's Motion in Limine to Exclude Plaintiff From Proffering Any Opinion Testimony as to the Merits of the Case or as to Damages **[ECF No. 284]** is DENIED.

4. Plaintiff's motion *in limine* to exclude preliminary and supplementary expert report and testimony of Defendant's expert **[ECF No. 286]** is DENIED.

5. Defendant's Motion to Strike Plaintiff's Pretrial Stipulation **[ECF No. 292]** is DENIED AS MOOT.

6. Defendant's Motion for Judgment on the Pleadings Regarding Punitive Damages **[ECF No. 299]** is DENIED WITHOUT PREJUDICE.

---

[5] As a federal court sitting in diversity, I am required to apply state substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir. 1987). "The granting or denial of jury instructions in diversity cases is controlled by federal laws and federal rules while the substance of those instructions is governed by the applicable state law. . . ." *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1525 (11th Cir. 1985) (citation omitted). In the instant case, because Plaintiff proceeds on a direct liability theory, Instruction 503.1(b)(2) is the proper instruction. *See* **[ECF Nos. 301, 300-2]**.

      a. Trial shall be bifurcated into two phases.

      b. The jury shall be instructed pursuant to Instruction 503.1(b)(2) based on Plaintiff's direct corporate liability theory.

7. Plaintiff filed an Objection to Judge McAliley's order **[ECF No. 281]** is OVERRULED.

DONE and ORDERED in Chambers at Miami, Florida this \_\_\_2\_\_\_ day of May, 2011.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATED DISTRICT JUDGE

cc: U.S. Magistrate Judge Jonathan Goodman
    Counsel of record